UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BICH DUYEN PHAM, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>OVERTON SECURITY SERVICES, INC., et al.,<br><br>    Defendants. | Case No. 22-cv-00849-AMO<br><br>**ORDER GRANTING APPLICATION FOR DETERMINATION OF GOOD FAITH SETTLEMENT**<br><br>Re: Dkt. No. 53 |

Before the Court is Defendant Imperial Parking (U.S.), LLC's ("Impark") Motion for Determination of Good Faith Settlement. The matter is fully briefed and suitable for decision without oral argument. Civil L.R. 7-6. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby rules as follows.

**BACKGROUND**

This case arises from the criminal assault, battery, and robbery of Plaintiffs Bich Duyen Pham and Aiping Gan by unidentified, third-party assailants at a shopping center known as Bay Street Emeryville.[1] The assault occurred in the shopping center parking garage, which is allegedly owned and operated by Defendants Centercal Properties, LLC, Overton Security Services, Inc., and Impark.

Defendant Impark submits that it did not have any duty, either legally or contractually, to prevent the third-party criminal assault of Pham and Gan. Nevertheless, Impark agreed to a settlement with Pham and Gan on or about February 7, 2023.

---

[1] For purposes of this Order, the Court relies on the facts as pleaded in the operative complaint. ECF 1.

Impark filed the instant motion on March 30, 2023. ECF 53. It filed a copy of the settlement agreement concurrently with the motion. ECF 53-2 at 4-11. No party filed an opposition or objection to the motion.

**DISCUSSION**

Section 877.6(c) of the California Code Civil Procedure states that a finding of good faith settlement "bar[s] any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." While the settlement does not discharge any other party from liability, unless its terms so provide, "it shall reduce the claims against the others in the amount stipulated by the release, the dismissal or the covenant, or in the amount of the consideration paid for it, whichever is the greater." Cal. Code Civ. Proc. § 877.

The legislative objectives animating Section 877.6 "include both the encouragement of settlement and the equitable allocation of costs among multiple tortfeasors." *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488, 498-99 (1985). To put those principles into practice, courts consider the following factors:

> a rough approximation of plaintiffs' total recovery and the settlor's proportionate liability, the amount paid in settlement . . . and a recognition that a settlor should pay less in settlement than he would if he were found liable after a trial. Other relevant considerations include the financial conditions and insurance policy limits of settling defendants, as well as the existence of collusion, fraud, or tortious conduct aimed to injure the interests of nonsettling defendants.

*Id.* Courts are not expected to be able to estimate an appropriate settlement amount with precision, but they must avoid settlements that are "grossly disproportionate" to the defendants' share of liability. *Id.*; *see also West v. Sup. Ct.*, 27 Cal. App. 4th 1625, 1635 (1994).

"The party applying for a good faith settlement determination is required to give notice of its application to all other parties and to the court." *Quintara Biosciences, Inc. v. Ruifeng Biztech Inc.*, No. C 20-04808 WHA, 2021 WL 6621066, at *2 (N.D. Cal. Dec. 16, 2021) (citing Cal. Code Civ. Proc. § 877.6(a)). "A settling tortfeasor's section 877.6, subdivision (c) good faith settlement determination discharges indemnity claims by other tortfeasors, whether or not named as parties,

1  so long as the other tortfeasors were given notice and an opportunity to be heard." *Gackstetter v.*
2  *Frawley*, 135 Cal. App. 4th 1257, 1273 (2006).  "Once there is a showing made by the settlor of
3  the settlement, the burden of proof on the issue of good faith shifts to the nonsettlor who asserts
4  that the settlement was not made in good faith." *City of Grand Terrace v. Sup. Ct.*, 192 Cal. App.
5  3d 1251, 1261 (1987).  A contested motion must address the *Tech-Bilt* factors, but an unopposed
6  motion is not subject to that requirement: "Only when the good faith nature of a settlement is
7  disputed, it is incumbent upon the trial court to consider and weigh the *Tech-Bilt* factors." *City of*
8  *Grand Terrace v. Superior Court*, 192 Cal. App. 3d 1251, 1261 (1987); *see also Tech-Bilt*, 38
9  Cal.3d at 499.

10  Here, Impark has carried its burden in proving the existence of the settlement.  The
11  company shared the settlement with the other defendants and asked whether they would oppose
12  the instant motion, but it received no objection or other response.  *See* ECF 53-2 at 4-11.  Impark
13  additionally filed the settlement on the public docket concurrently with the instant motion.
14  Defendants CenterCal Properties, LLC, and Overton Security Services, Inc., acknowledge the
15  settlement in their pending Motion for Summary Judgment.  ECF 54 at 7 n.1.  Impark noted the
16  pending settlement and the Motion for Good Faith Settlement within the parties' joint case
17  management statement filed on May 31, 2023.  ECF 72 at 4.  The other Defendants have had
18  ample opportunity to oppose or object to Plaintiffs' settlement with Impark.  The other Defendants
19  have failed to do so.  Accordingly, the Court deems it unnecessary to review the *Tech-Bilt* factors
20  in depth.  *See Quintara Biosciences, Inc.*, 2021 WL 6621066, at *2.

21  The *Tech-Bilt* factors, even if they did apply, support approval of the settlement.  There is
22  no indication of unlawful collusion, fraud, or tortious conduct aimed at injuring the interests of the
23  non-settling Defendants.  The settlors' proportionate liability in this action also suggests the
24  $25,000 settlement payment is satisfactory.  The Court therefore determines that Impark's
25  settlement with Plaintiffs is made in good faith.

26  **CONCLUSION**
27  For the foregoing reasons, Defendant Impark's Motion for a Good Faith Settlement
28  Determination is GRANTED as to all parties given timely notice of this motion and ample

3

1  opportunity for the remaining Defendants to oppose.  All claims for contribution, indemnity, or
2  claims otherwise barred under California Code of Civil Procedure Sections 877 and 877.6 are
3  BARRED as to Impark.
4  **IT IS SO ORDERED.**
5  Dated: August 1, 2023

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**